## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

Darrell Woods, Sr. 1057140 )
(full name)                (Register No). )
_____ )
_____ )
                          )
        Plaintiff(s).      )   Case No. _____
                          )
                          )   Jury Trial Demanded
v.                        )
                          )
                          )
John-Doe Fulghum          )
(Full name)               )   Defendants are sued in their (check one):
Caroline Jenkins          )   ____ Individual Capacity
Katherine Barton          )   ____ Official Capacity
        Defendant(s).     )   ✓ Both

## COMPLAINT UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. § 1983

I. Place of present confinement of plaintiff(s): SCCC
(South Central Correctional Center)

II. Parties to this civil action:

Please give your commitment name and any another name(s) you have used while incarcerated.

A. Plaintiff Darrell Woods, Sr.        Register No. 1057140
Address South Central Correctional Center,
255 West Highway 32, Licking, Missouri 65542

B. Defendant John-Doe Fulghum

Is employed as Nurse Practitioner at SCCC,
255 West Highway 32, Licking, Missouri 65542
— See Attached—

For additional plaintiffs or defendants, provide above information in same format on a separate page.

1

RE: 11(B) Defendants
Caroline Jenkins; Nurse
South Central Correctional Center
255 West Highway 32
Licking, Missouri 65542

Katherine Barton; Director Of Nursing
South Central Correctional Center
255 West Highway 32
Licking, Missouri 65542

III. Do your claims involve medical treatment? Yes ✓ No _____

IV. Do you request a jury trial? Yes ✓ No _____

V. Do you request money damages? Yes ✓ No _____

State the amount claimed? $50,000⁰⁰ both (actual/punitive)

VI. Are the wrongs alleged in your complaint continuing to occur? Yes ✓ No _____

VII. Grievance procedures:

A. Does your institution have an administrative or grievance procedure?
Yes ✓ No _____

B. Have the claims in this case been presented through an administrative or grievance procedure within the institution? Yes ✓ No _____

C. If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result.)
I have filed an Informal Resolution Request, Grievance, and Grievance Appeal. Grievance Appeal represents exhaustion. Complaint denied all the way up the latter.

D. If you have not filed a grievance, state the reasons.
Not Applicable (N/A)

VIII. Previous civil actions:

A. Have you begun other cases in state or federal courts dealing with the same facts involved in this case? Yes _____ No ✓

B. Have you begun other cases in state or federal courts relating to the conditions of or treatment while incarcerated? Yes ✓ No _____

C. If your answer is "Yes," to either of the above questions, provide the following information for each case.

(1) Style: Darrell Woods v. Ricky Hays, et al.
(Plaintiff)        (Defendant)
(2) Date filed: February 23, 2015

2

(3) Court where filed: *United States District Court, Eastern*

(4) Case Number and citation: *Unknown*

(5) Basic claim made: *Retaliation etc.*

(6) Date of disposition: *Unknown*

(7) Disposition: *Resolved*

(Pending) (on appeal) (resolved)

(8) If resolved, state whether for: *Defendants*

— *See Attached* —

(Plaintiff or Defendant)

For additional cases, provide the above information in the same format on a separate page.

IX.  Statement of claim:

A.  State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

— *See Attached* —

B.  State briefly your legal theory or cite appropriate authority:

— *See Attached* —

3

RE: VIII (C)—Previous Civil Actions
1. Darrell Woods v. Calena Ewing et al.
2. October 30, 2015
3. United States District Court, Western Missouri
4. Unknown
5. 42 U.S.C. 1985, 1986: Civil Rights Conspiracy etc.
6. Unknown
7. Resolved
8. Defendants

1. Darrell Woods v. Steffan Boeckman et al.
2. January, 2016
3. United States District Court, Western Missouri
4. Unknown
5. Retaliation etc.
6. Unknown
7. Resolved
8. Defendants

1. Darrell Woods v. Jonathan Lewis et al.
2. February 3, 2016
3. United States District Court, Eastern Missouri
4. Unknown
5. Cruel and Unusual Punishment, Retaliation, etc.
6. Unknown
7. Resolved
8. Defendants

1. Darrell Woods V. Matthew Todd et al.
2. June, 2017
3. United States District Court, Western Missouri
4. Unknown
5. Retaliation etc.
6. Unknown
7. Resolved
8. Defendants

1. Darrell Woods v. John/Jane-Doe Accounter et al.
2. Unknown
3. United States District Court, Western Missouri
4. Unknown
5. 42 U.S.C. 1985, 1986: Civil Rights Conspiracy, Retaliation, etc.
6. Unknown
7. Resolved
8. Defendants

1. Darrell Woods v. Ashok Chada, et al.
2. April, 2019
3. United States District Court, Western Missouri
4. Unknown
5. Deliberate Indifference To Serious Medical Needs etc.
6. Unknown
7. On Appeal/Pending
8. On Appeal/Pending

RE: IX(B) — Statement Of Claim

This is a civil rights action filed under 42 U.S.C.
1983 by Darrell Woods, a state prisoner for
deliberate indifference to serious medical needs
in violation of the Cruel and Unusual Punishment
Clause of the Eighth Amendment to the United States
Constitution; retaliation in violation of the
First Amendment to the United States Constitution;
and failure to protect in violation of the
Cruel and Unusual Punishment Clause of the
Eighth Amendment to the United States Constitution.
Plaintiff also complains of the state torts of
medical malpractice, and/or intentional infliction
of negligence and harassment.

RE: IX(A) – Statement Of Claim

## Jurisdiction

1. The Court has jurisdiction over Plaintiff claims of violation of federal constitutional rights under 42 U.S.C. 1331(1) and 1343.

2. The Court has supplemental jurisdiction over Plaintiff state tort claims under 28 U.S.C. 1367.

## Parties

3. Plaintiff, Darrell Woods, was incarcerated at the South Central Correctional Center (SCCC) in Licking, Missouri during the events described in this complaint.

4. Defendants John-Doe Fulghum, Caroline Jenkins, and Katherine Barton are employed by Corizon L.L.C. at SCCC. They are sued in their individual and official capacities.

## Facts

## Deliberate Indifference To Serious Medical Needs

5. On April 13, 2020 Plaintiff turned in his completed I.R.R. (Informal Resolution Request) #SCCC 20-509. This I.R.R. contain information of Defendant John-Doe Fulghum failure to provide Plaintiff with adequate medical care, and Defendant Caroline Jenkins failure to allow Plaintiff access to medical treatment.

A. ~~Inadequate Medical Care by John-Doe Fulghum~~
6. During D.S.C. (Doctor Sick Call) in February, 2020
Nurse Practictioner John-Doe Fulghum prescribed
Plaintiff Nortriptyline as a pain medication to
relieve his chronic leg pain from his previous
gunshot wound. And then, during D.S.C. on March 18, 2020
Plaintiff complained that Nortriptyline did not
relieve his chronic leg pain, and requested a
pain medication that would. Defendant John-Doe
Fulghum took unfair advantage of Plaintiff by
intentionally misleading him to believe that he
was going to prescribe him triliptol 600mg. tablets.
For example, John-Doe Fulghum stated to Plaintiff,
"your triliptol 450 mg. tablets was discontinued
due to you having diverted your medication.
I am going to talk to Katherine Barton about
the diversion, and prescribe you triliptol 600mg.
tablets within the next couple of days if I can."
John-Doe Fulghum having mislead Plaintiff to
believe that he was going to prescribe him
trilliptol 600mg. tablets was designed to end
the D.S.C. meeting without providing Plaintiff
a pain medication to relieve his chronic leg pain.
This means that Defendant John-Doe Fulghum
intent was to cause Plaintiff
unnecessary and wanton infliction of pain.

7.    Subsequently, John-Doe Fulghum documented that Plaintiff is restricted from receiving triliptol, and directed Nurse Caroline Jenkins to restrain Plaintiff from access to medical treatment (D.S.C.). There is no policy that restrict inmates from receiving medication(s) for diversion of medication. Inmates must go to N.S.C. (Nurse Sick Call) in order to be referred to D.S.C.

8.    During D.S.C. on April 29, 2020 John-Doe Fulghum discontinued Plaintiff Nortriptyline, and prescribed him Ibuprofen 800 mg and Tylenol 600 mg tablets. Because Ibuprofen and Tylenol did not relieve Plaintiff chronic leg pain he went back to D.S.C. around June, 2020, and John-Doe Fulghum discontinued his Ibuprofen and Tylenol, and prescribed him Effezers. And then, on August 24, 2020 John-Doe Fulghum discontinued Plaintiff Effezers without any explanation.

9.    During D.S.C. on September 9, 2020 Defendant John-Doe Fulghum completely failed to prescribe Plaintiff pain medication. Between August 24, 2020, and November 25, 2020 Plaintiff did not have access to any medication.

<u>Defendant Caroline Jenkins Failure To Allow
Plaintiff Access To Medical Treatment</u>

10. During D.S.C. on March 18, 2020 Plaintiff sought
a suitable pain medication, because the
Nortriptyline that he was prescribed did not
relieve his chronic leg pain. On this day in
question Defendant John-Doe Fulghum did not
discontinue Plaintiff Nortriptyline, nor prescribe
any other pain medication to relieve his leg pain.
Instead, John-Doe Fulghum intentionally mislead
Plaintiff to believe that he was going to prescribe
him triliptal 600mg tablets, however, documented
that Plaintiff was restricted from triliptal, and
directed Defendant Caroline Jenkins not to refer
Plaintiff to D.S.C. This was designed to restrain
Plaintiff from receiving a suitable pain medication
to relieve his chronic leg pain, whereas the
Medical Director, and/or the Nurse Practictioner
is responsible for authorizing prescriptions
at D.S.C.

11. On March 23, 2020 Defendant Caroline Jenkins gathered Plaintiff H.S.R. (Health Service Request), but did not triage the H.S.R. This was designed to restrain Plaintiff from attending N.S.C. so that he could not receive a referral to the physician ("D.S.C.").

Foot Note:
An H.S.R. is an inmate verbal or written petition for health assistance of medical, dental, or mental health services. H.S.Rs are triaged daily by nursing staff and assessed based on whether a medical emergency exists, and the need for an inmate to be brought to the health care unit for assessment. Non-emergent requests are to be reviewed within 24 hours and the inmate seen by a qualified healthcare professional at sick call within the next 24 hours (72 hours on weekends).

12.    And then, on March 25, 2020 Nurse Jessica Williams gathered and triaged Plaintiff H.S.R. concerning Medication Problem/Questions. And then, Plaintiff was seen at N.S.C. on March 26, 2020. On this day in question Defendant Caroline Jenkins completely failed to refer Plaintiff to D.S.C. And then, on several different occasions between March 26, 2020, and April 8, 2020 Defendant Caroline Jenkins gathered, however, completely failed to triage Plaintiff H.S.R.s. On March 26, 2020 and April 6 and 8, 2020 Caroline Jenkins gathered, however, did not triage Plaintiff H.S.R.s. And then, on Friday, April 10, 2020 Nurse Jessica Harris gathered and triaged Plaintiff H.S.R. concerning Medication Problem/Questions, and Plaintiff was brought to N.S.C. on Monday, April 13, 2020. On this day in question Defendant Caroline Jenkins completely failed to refer Plaintiff to D.S.C. Caroline Jenkins stated to Plaintiff, "Fulghum directed me not to refer you to D.S.C."

13. On April 14, 2020 Plaintiff I.R.R. # SCCC. 20-509 was received and entered by staff. This I.R.R. contain information of Defendant Jenkins failure to triage Plaintiff H.S.R.s, and her failure to refer Plaintiff to D.S.C. Subsequently, Plaintiff submitted another H.S.R. that was triaged, and he was seen at N.S.C. by Defendant Caroline Jenkins who finally referred him to D.S.C. And then, during D.S.C. on April 29, 2020 John-Doe Fulghum discontinued Plaintiff Nortriptyline, and prescribed him Ibuprofen and Tylenol...

14. Between September 9, 2020, and November 4, 2020 all nurses who gathered Plaintiff H.S.R.s completely failed to triage them. And then, during N.S.C. on November 5, 2020 Defendant Caroline Jenkins completely failed to refer Plaintiff to D.S.C. And then, Between November 6, 2020, and November 25, 2020 all nurses who gathered Plaintiff H.S.R.s completely failed to triage them.

Foot Note:
    An I.R.R. is the initial process of the grievance procedure.
    Plaintiff completed this complaint on November 25, 2020.

Retaliation

15. In a seperate lawsuit, Plaintiff named M.D. Ashok Chada as a Defendant for multiple violations of his constitutional rights including deliberate indifference to serious medical needs, and retaliation. On several different occasions between September, 2019, and September 9, 2020 Defendant John-Doe Fulghum "during D.S.C." showed signs of aggression while discussing Plaintiff lawsuit Woods v. Chada. This raises more questions than they answer-? whether John-Doe Fulghum failure to provide Plaintiff with adequate medical care adverse action against Plaintiff for filing his lawsuit Woods v. Chada? Apparently so, whereas John-Doe Fulghum showed signs of aggression while discussing the lawsuit Woods v. Chada which was irrelevant to Plaintiff D.S.C. meetings.

Failure To Protect By Defendant Katherine Barton

16. Director Of Nursing Katherine Barton is supervisor Of Fulghum and Jenkins. Katherine Barton tolerated, and/or encouraged Defendants having violated Plaintiff's constitutional rights when she learned of the violations by reading Plaintiff I.R.R. #SCCC 20-509, and yet completely failed to do anything about it.

## Medical Malpractice And/Or Intentional Inflicton Of Negligence And Harassment

17. On August 24, 2020 Defendant John-Doe Fulghum discontinued Plaintiff Effezer pain medication without any explanation. Meaning Plaintiff was not given an opportunity to state his objections. During D.S.C. on September 9, 2020 John-Doe Fulghum told Plaintiff that the August 24, 2020 discontinuation of his Effezers was due to prison officials having reported that they found eighth Effezers in Plaintiff's cell during a routine cell search. Had Plaintiff been given an opportunity to object to the discontinuation of his effezers he would have stated, "effezers do not relieve my chronic leg pain for which reason I seek a pain medication that would—I have already been referred to D.S.C. And yet, Nurse Tammy who is responsible for a.m. medication pass continue to place the effezers inside the food port slot of my cell door while I am asleep and leaving, instead of asking whether, or not I want the medication."

18. Effezer is a psychological medication designed to treat epilepsy, seizures, and bipolar disorder, not chronic leg pain.

## Conclusion/Relief

Wherefore, for the above stated reasons Plaintiff request the court grant him an injunction, directing Defendants provide him with adequate medical care; direct Defendant Katherine Barton afford him an appropriate remedy to his I.R.R.s; grant cost and compensatory and punitive money damages of $50,000.00.

Signed, Darrell Woods, Sr.

Date: November 25, 2020

X.    Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.
— See Attached —

XI.   Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name. None Other

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?                    Yes_____ No ✓

If your answer is "Yes," state the names(s) and address(es) of each lawyer contacted.
N/A

C. Have you previously had a lawyer representing you in a civil action in this court?
                                                                    Yes ✓    No _____

If your answer is "Yes," state the name and address of the lawyer.
Tamara A. Spicer Unknown address.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed (signed) this 25th day of November 2020

Darnell Woods, Sr.
Signature(s) of Plaintiff(s)

4

Darrell Woods, Sr. #1057140
South Central Correctional Center
1B-123
255 West Highway 32
Licking, Missouri 65542

Legal mail

Legal Mail

Court Clerk
United States District Court
Western District Of Missouri
400 East 9th Street
Kansas City, Missouri 64106



RECEIVED

Springfield P&DC MO
WED 02 DEC 2020 PM

FOREVER USA